# EXHIBIT A

| | SUM-100 |
|---|---|
| **SUMMONS**<br>**(CITACION JUDICIAL)**<br>**NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br>AMAZON.COM, INC. and DOES 1-40, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br>STATE FARM GENERAL INSURANCE COMPANY | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br>**ENDORSED**<br>**FILED**<br><br>DEC 18 2017<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SANTA ROSA SUPERIOR COURT<br>600 ADMINISTRATION DRIVE<br>SANTA ROSA, CA 95403 | CASE NUMBER<br>*(Número del Caso):*<br>SCV-261700 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David B. Pillemer Esq. 97808 PILLEMER & PILLEMER
17835 Ventura Blvd., Suite 204  (818) 994-4321
Encino, CA 91316

DATE: DEC 18 2017   ARLENE D. JUNIOR   Clerk, by BERNADETTE SMITH , Deputy
*(Fecha)*    *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB | Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

11972

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David B. Pillemer Esq. 97808<br>PILLEMER & PILLEMER<br>17835 Ventura Blvd., Suite 204<br>Encino, CA 91316<br>TELEPHONE NO.: (818) 994-4321   FAX NO.: (818) 994-3484<br>ATTORNEY FOR (Name): State Farm General Insurance Company | ENDORSED<br>FILED<br><br>DEC 18 2017<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 ADMINISTRATION DRIVE
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ROSA, CA 95403
BRANCH NAME: HALL OF JUSTICE

CASE NAME: STATE FARM V AMAZON.COM, INC.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>SCV-261700<br>JUDGE:<br>DEPT.: |
|---|---|---|

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

Auto Tort
[ ] Auto (22)
[ ] Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

Employment
[ ] Wrongful termination (36)
[ ] Other employment (15)

Contract
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

Real Property
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400-3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
[ ] Enforcement of judgment (20)

Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Four
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/12/17

David B. Pillemer
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

11972

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

David B. Pillemer, State Bar No. 97808
PILLEMER & PILLEMER
17835 Ventura Blvd., Suite 204
Encino, California 91316-3673
Phone (818) 994-4321
Fax (818) 994-3484
Email dpillemer@pillemerlaw.com

Attorneys for State Farm General Insurance Company

ENDORSED
FILED

DEC 18 2017

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SONOMA

STATE FARM GENERAL INSURANCE COMPANY,

    Plaintiff(s),

vs.

AMAZON.COM, INC. and DOES 1-40, inclusive,

    Defendant(s).

Case No. SCV-261700

COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

TRIAL DATE: NONE SET

Plaintiff alleges:

## GENERAL ALLEGATIONS

1. That at all times mentioned herein, plaintiff was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois, and authorized to conduct fire and casualty insurance business in the State of California.

2. That at all times mentioned herein, Amazon.com, Inc. (hereinafter "Amazon") was and now is a corporation authorized to and doing business in the County of Sonoma, State of California.

3. That at all times mentioned herein, Transboard (hereinafter "Transboard") was and now is a business entity, type unknown, located in China and authorized to

and doing business in the County of Sonoma, State of California.

4. That plaintiff is ignorant of the true names or capacities, be they corporate, associate, individual, or otherwise of defendants sued herein by the fictitious names of Does 1 through 40, and each of them, and plaintiff will ask leave of this Court to amend this Complaint to reflect the true names and capacities of said fictitiously named defendants when the same have been ascertained.

5. That at all times mentioned herein, David Alan and Kimberly Carpenter, (hereinafter "Carpenter") under policy number 05-BR-W172-0. Said policy was in full force and effect at all times relevant hereto and provided coverage for damage to and destruction of the property of Carpenter located in Santa Rosa. (hereinafter "Carpenter property").

6. That by the terms of said policy of insurance, plaintiff was to reimburse said insureds for damages to or destruction of the aforementioned property.

7. That prior to January 19, 2016, Amazon sold on its website a Hoverboard (hereinafter "Hoverboard"). Said Hoverboard was sold by Transboard to Amazon and distributed by Amazon to the general public.

8. That on or about January 19, 2016, the Hoverboard caught fire while located at the Carpenter property, causing severe damage to the David Alan and Kimberly Carpenter property.

## FIRST CAUSE OF ACTION - SUBROGATION

9. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations as though set forth in full herein.

10. That at all times mentioned herein, defendants Transboard and Does 1-20 were engaged in the business of designing, manufacturing, assembling and selling the Hoverboard for sale to and use by members of the general public, and as part of its business, defendants Transboard and Does 1-20 designed, manufactured, and assembled the specific Hoverboard hereinafter referred to.

11. That at all times mentioned herein, defendant Amazon and Does 21-40 were

2

COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

1. engaged in the business of selling at retail to members of the general public in the City of Santa Rosa, County of Sonoma, State of California, the hereinabove described Hoverboard.
12. That at all times mentioned herein, defendants, and each of them, knew and intended that the Hoverboard would be purchased by members of the general public and used by said purchasers and others without inspection for defects.
13. That on or about November 9, 2015, Carpenter purchased the aforementioned Hoverboard from Amazon at its regular place of business hereinafter alleged.
14. That the Hoverboard was, at the time that Carpenter purchased it, defective and unsafe for its intended purpose in that said Hoverboard caught fire, causing destruction to the Carpenter property.
15. That on or about January 19, 2016, Carpenter had used the Hoverboard at Carpenter property for purposes of their child's use. That on or about January 19, 2016 the Hoverboard caught fire causing destruction to the Carpenter property.
16. That as a direct and proximate result of the defect and the Hoverboard caught fire as herein alleged, plaintiff's insureds, Carpenter sustained damage to their home, their personal property, and incurred additional living expenses in an amount of at least $177,887.00.
17. That plaintiff paid to its insureds the sum of $177,887.00 to date, and will amend the complaint if any additional sums are paid to its insureds. That pursuant to the terms of the aforementioned policy of insurance, plaintiff thereby became subrogated to all of the rights of, entitled to enforce all of the remedies of said insureds against defendants, and each of them.
18. That prior to the commencement of this action, said insureds assigned to plaintiff all of their rights against defendants, and each of them.

### SECOND CAUSE OF ACTION - NEGLIGENCE

19. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General

3

COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

Allegations and Paragraphs 10 through 18 of the First Cause of Action as though set forth in full herein.

20. That plaintiff is informed and believes, and based thereon alleges that, defendants, and each of them, were the manufacturers, designers, assemblers, distributors, sellers and advertisers of the Hoverboard and all its component parts, and knew, or should have known, that said Hoverboard was to be used by the general public.

21. That plaintiff is informed and believes, and based thereon alleges, that the defendants, and each of them, negligently, carelessly, tortiously and wrongfully failed to use reasonable care in the design, manufacture, assembly, distribution, sale and advertising of said Hoverboard.

22. That plaintiff is informed and believes, and based thereon alleges, that the defendants, and each of them, knew or should have known that the Hoverboard and its component parts were not adequately designed, manufactured, assembled, distributed and sold to the general public and that the users would be substantially damaged thereby.

23. That the defendants herein were under a duty to exercise ordinary care as the manufacturer, designer, distributor, marketer, wholesaler, retailer and advertiser of the Hoverboard to avoid reasonably foreseeable injury to users, purchasers and others of the Hoverboard.

24. That the defendants, and each of them, knew or should have foreseen with reasonable certainty that purchasers, users and others would suffer monetary and other damages if the defendants, and each of them, failed to perform their duties to cause the Hoverboard to be completed in a proper and workmanlike manner and fashion.

25. That as a direct and proximate result of the foregoing negligence, carelessness and unworkmanlike conduct, action and/or omission by defendants, and each of them, plaintiff has now paid to its insureds, Carpenter the sum of

4

1. $177,887.00 for the damages that they suffered and which were covered under the policy issued by State Farm General Insurance Company (hereinafter "State Farm").

26. That as a direct and proximate result of the payment by State Farm to Carpenter, State Farm became subrogated to their rights against defendants, and each of them, and that Carpenter assigned their rights of subrogation to State Farm.

## THIRD CAUSE OF ACTION -- INDEMNITY

27. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations, Paragraphs 10 through 18 of the First Cause of Action, Paragraphs 20 through 26 of the Second Cause of Action, as though set forth in full herein.

28. That as a result of paying to plaintiff's insureds all sums upon which plaintiff's insureds made claim, plaintiff became entitled to seek indemnity from defendants, and each of them, for the damages that they caused.

29. That plaintiff has paid to its insureds the sum of $177,887.00. As a direct and proximate result of said payment by State Farm to Carpenter, State Farm became subrogated to the rights of its insureds and its insureds have now assigned their rights against defendants, and each of them, to State Farm.

## FOURTH CAUSE OF ACTION - BREACH OF WARRANTY

30. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations, Paragraphs 10 through 18 of the First Cause of Action, Paragraphs 20 through 26 of the Second Cause of Action, as though set forth in full herein.

31. That in connection with the manufacture, sale, supply, delivery, handling and use of the products previously referred to, Defendants expressly and/or impliedly warranted that said products and merchandise were merchantable and of good quality. Said representations were, in fact, untrue, in that said products and merchandise failed to operate properly, failed to operate as promised both expressly and by implication, and failed to operate in a manner

that would reasonably by expected by a reasonable consumer, and said failures caused damage to State Farm's insured. Defendants were, or should have been, fully knowledgeable as to the dangers and defects surrounding the sale, supply, delivery and use of said products and merchandise, and their suitability for the purposes and uses for which they were intended.

32. That in connection with the manufacture, sale, supply, delivery, testing, handling and use of the products and merchandise previously described, Defendants expressly and/or impliedly warranted, through advertising claims and/or product labels that said products and merchandise were suitable for the uses and purposes for which they were intended. State Farm's insured relied upon said representations, which were in fact false and untrue, in that, exposure to and use of the products and merchandise previously referred to did, in fact, cause serious property damage to State Farm's insured.

33. Plaintiff seek pre-judgment interest as prescribed by California law upon any and all damages sustained by State Farm's insured as herein above alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, jointly and severally, as follows:

1. For damages in the sum of $177,887.00;
2. For pre-judgment interest in all sums awarded at the legal rate;
3. For costs of suit herein incurred; and
4. For such other and further relief as this court deems just and proper.

DATED: December 11, 2017          PILLEMER & PILLEMER

By: _____
DAVID B. PILLEMER
Attorneys for Plaintiff State Farm General Insurance Company

6

COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

## 18.21 FORMAT OF DOCUMENTS SUBMITTED FOR FILING

Original documents presented to the clerk for filing shall be submitted without staples and shall not be two-hole punched.

Exhibit attachments to pleadings shall be separated by a standard 8 ½ x 11 sheet of paper with a title identifying the sequence of the exhibit. No tabs shall be included in any original document submitted for filing (Adopted 7/1/2017)

## 18.21 FORMAT OF DOCUMENTS SUBMITTED FOR FILING

Original documents presented to the clerk for filing shall be submitted without staples and shall not be two-hole punched.

Exhibit attachments to pleadings shall be separated by a standard 8 ½ x 11 sheet of paper with a title identifying the sequence of the exhibit. No tabs shall be included in any original document submitted for filing (Adopted 7/1/2017)

## 18.21 FORMAT OF DOCUMENTS SUBMITTED FOR FILING

Original documents presented to the clerk for filing shall be submitted without staples and shall not be two-hole punched.

Exhibit attachments to pleadings shall be separated by a standard 8 ½ x 11 sheet of paper with a title identifying the sequence of the exhibit. No tabs shall be included in any original document submitted for filing (Adopted 7/1/2017)

## 18.21 FORMAT OF DOCUMENTS SUBMITTED FOR FILING

Original documents presented to the clerk for filing shall be submitted without staples and shall not be two-hole punched.

Exhibit attachments to pleadings shall be separated by a standard 8 ½ x 11 sheet of paper with a title identifying the sequence of the exhibit. No tabs shall be included in any original document submitted for filing (Adopted 7/1/2017)

## 18.21 FORMAT OF DOCUMENTS SUBMITTED FOR FILING

Original documents presented to the clerk for filing shall be submitted without staples and shall not be two-hole punched.

Exhibit attachments to pleadings shall be separated by a standard 8 ½ x 11 sheet of paper with a title identifying the sequence of the exhibit. No tabs shall be included in any original document submitted for filing (Adopted 7/1/2017)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br>**ENDORSED**<br>**FILED**<br>DEC 18 2017<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
| State Farm General Insurance Comapany vs. Amazon. Com, Inc. | |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br>SCV-261700 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

**1. THIS ACTION IS ASSIGNED TO HON. ALLAN D HARDCASTLE FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

**2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.**

A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| Date: Thursday, 04/19/2018 | Time: 3:00 PM | Courtroom 19 |
| Location: 3055 Cleveland Avenue, Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

Case 3:18-cv-00624-MEJ   Document 1-2   Filed 01/29/18   Page 13 of 13

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410